LAW OFFICES

# MONZACK AND MONACO, P.A.
ATTORNEYS AT LAW
1201 NORTH ORANGE STREET
SUITE 400
P.O. BOX 2031
WILMINGTON, DE 19899-2031

MELVYN I. MONZACK
FRANCIS A. MONACO, JR.
RACHEL B. MERSKY
BRIAN J. McLAUGHLIN
JOSEPH J. BODNAR
MARY ELIZABETH M. BROWDER
KEVIN J. MANGAN
EDWARD M. LILLY
MICHAEL C. HOCHMAN

(302) 656-8162
FACSIMILE: (302) 656-2769

WWW.MONLAW.COM

June 7, 2007

**VIA HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
U.S. District Court for
the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   In re Kaiser Aluminum Corp., *et al.*, Debtors
      (Bankruptcy Case No. 02-10429 (JKF));
      Law Debenture Trust Company of New York, Appellant, v. Kaiser
      Aluminum Corp., *et al.*, Appellees (Civil Action No. 06-00088 JJF);
      Liverpool Limited Partnership, Appellant, v. Alpart Jamaica, Inc., *et
      al.*, Appellees (Civil Action No. 06-00160 JJF; Administratively
      Consolidated with 06-00088 JJF)

Dear Judge Farnan:

This firm represents Appellant Law Debenture Trust Company of New York (the "Appellant") in the above referenced appeal (the "Appeal"). On May 3, 2006, Appellant filed its Brief (D.I. 10). On June 2, 2006, Appellees filed their answering Brief (D.I. 14). Thereafter, Appellant filed its Reply Brief (D.I. 18).

The Appeal involves two separate issues. The first issue focuses on the interpretation of contractual subordination provisions. The second issue focuses on Appellant's postpetition contractual attorney fees. This letter relates solely to the second issue.

Pursuant to Rule 7.1.2.(c) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Appellant respectfully calls to the Court's attention new controlling authority and other recent precedent instructive on issues that may be relevant to resolution of certain of the issues pending before the Court on the Appeal.

MONZACK AND MONACO
PROFESSIONAL ASSOCIATION

On March 20, 2007, the Supreme Court of the United States issued its opinion in Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 127 S. Ct. 1199 (2007) ("Travelers").

In Travelers, the Supreme Court considered whether the Bankruptcy Code "precludes an unsecured creditor from recovering attorney fees authorized by a prepetition contract and incurred in postpetition litigation." Id. at 1202. Because the Supreme Court found no support in the Bankruptcy Code, it held that the Bankruptcy Code does not preclude the recovery of attorney fees authorized by a prepetition contract and incurred in postpetition litigation. Id. at 1202, 1204.

Analyzing the issue, the Supreme Court noted that, generally, "[u]nder the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" Id. at 1203 (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)). However, this general rule "can be overcome by statute [or] . . . by an 'enforceable contract' allocating attorney's fees." Id. (citing Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967)). In support of this proposition, the Supreme Court observed that "under the terms of the current Bankruptcy Code, it remains true that an otherwise enforceable contract allocating attorney's fees (i.e., one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." Id.. at 1204. The Supreme Court stated the issue presented for its consideration as "whether the Bankruptcy Code disallows contract-based claims for attorney's fees based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law." Id.

The Supreme Court recognized that, under the Bankruptcy Code, once a proof of claim is filed, it is deemed allowed unless a party in interest objects. Id. (citing Section 502(a) of the Bankruptcy Code). If an objection is made, it is up to the bankruptcy court to determine the value of such claim "'except to the extent that' the claim implicates any of the nine exceptions enumerated in [Section] 502(b)." Id. Determining that eight of the nine exceptions had "nothing to do" with a claim for contractual attorney fees, see id. (referring to Section 502(b)(2)-(9)), the Supreme Court turned to the remaining exception -- whether the claim should be disallowed as "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Id. at 1204-5 (referring to Section 502(b)(1)). The Supreme Court stated that "[t]his provision is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." Id. at 1204. The Supreme Court further noted that "[t]his reading is consistent not only with the plain statutory text, but also with the settled principle that '[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code.'" Id. at 1205 (citing Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20 (2000)). In sum, the Court acknowledged "that [this] principle requires bankruptcy courts to consult state law in determining the validity of most claims." Id.

MONZACK AND MONACO
PROFESSIONAL ASSOCIATION

The Supreme Court further recognized that it is "generally presume[d] that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed". Id. at 1206. Because no support was offered for the argument that the attorney fees incurred litigating issues of federal bankruptcy law would overcome that presumption, the Supreme Court found no reason to deviate from this general presumption. Id.

Further, the Supreme Court found Section 502(b)(4) of the Bankruptcy Code instructive on this point as it "expressly disallows claims 'for services of an . . . attorney of the debtor,' to the extent the claimed fees 'excee[d] the reasonable value of such services.'" Id. The express language of Section 502(b)(4) suggests that, "the absence of an analogous provision excluding [attorney fees for bankruptcy litigation issues] likewise suggests that the [Bankruptcy] Code does not categorically disallow them." Id. "Congress, of course, has the power to amend the Bankruptcy Code by adding a provision expressly disallowing claims for attorney's fees incurred by creditors in the litigation of bankruptcy issues. But because no such provision exists, the Bankruptcy Code provides no basis for disallowing . . . [an unsecured creditor's] claim on the grounds [that attorney fees are not recoverable in bankruptcy for litigating issues peculiar to federal bankruptcy law]." Id.

In sum, the Supreme Court held that "[i]n light of the broad, permissive scope of [Section] 502(b)(1), and our prior recognition that 'the character of [a contractual] obligation to pay attorney's fees presents no obstacle to enforcing it in bankruptcy,'" the categorical preclusion of claims for the recovery of attorney fees authorized by a prepetition contract and incurred in postpetition bankruptcy litigation could not stand. Id. at 1206-7.

The Travelers decision provides new controlling authority on the issue of whether a prepetition contract-based right to attorney fees incurred in postpetition bankruptcy-related litigation should be allowed as a general unsecured claim in a bankruptcy case. As the Supreme Court recently observed, such claims are not expressly disallowed by the Bankruptcy Code and, therefore, generally should be allowed.

Although the Travelers decision permits a general unsecured claim for attorney's fees incurred in postpetition bankruptcy-related litigation, the Travelers Court specifically did not rule on whether Section 506(b) of the Bankruptcy Code "categorically disallows unsecured claims for contractual attorney's fees" because the debtor had failed to make this argument to the lower courts or in opposition to the creditor's petition for certiorari. Travelers, at 1207. However, the recent decision of the United States Bankruptcy Court for the Northern District of California in Qmect, Inc. v. Burlingame Capital Partners II, L.P. (In re Qmect, Inc.), 2007 WL 1463846 (Bankr. N.D. Cal. May 17, 2007), is instructive on this issue. In that case, the Court held that a creditor's postpetition attorneys fees constituted a claim pursuant to the Bankruptcy Code and that such creditor was entitled to include such fees in its unsecured claim against the debtors, notwithstanding the provisions of Section 506(b). Id. at *1, *4. A copy of the Qmect decision is attached hereto.

MONZACK AND MONACO
PROFESSIONAL ASSOCIATION

In Qmect, the creditor sought, as part of its unsecured claim, an award of postpetition attorney fees pursuant to its various contracts with the debtors. Id. at *1. Relying on existing Ninth Circuit law, other than Fobian (which was overruled by the Travelers decision), and that of all other Circuits to address the issue, the creditor contended that "[the law] recognizes an unsecured creditor's right to include post-petition attorneys' fees in its unsecured claim to the extent they are provided for by contract or nonbankruptcy statute." Id. at *2.

In analyzing the creditor's claim, the Bankruptcy Court first determined that the creditor in fact possessed a claim within the meaning of the Bankruptcy Code's broad definition of "claim." Id. Next, the Bankruptcy Court examined whether the claim was subject to disallowance pursuant to Section 502(b) of the Bankruptcy Code. Similar to Travelers, the Bankruptcy Court focused on the exception under Section 502(b)(1) (as more fully discussed above), which renders claims unenforceable against a debtor due to "applicable law." Id. at *3. The debtor argued that, as "applicable law," Section 506(b) of the Bankruptcy Code permits a claim for "reasonable fees, costs or charges" *only* to the holder of a claim secured by property whose value is greater than the amount of the claim. Id. Therefore, the debtor contended, the creditor's claim should be disallowed. Id. The Bankruptcy Court found the debtor's reading of Sections 502(b) and 506(b) "too strained to be permissive" and was unable to find support in any Court of Appeals case decided under the Bankruptcy Code that directly addressed this issue. Id. The Bankruptcy Court concluded that the unsecured creditor was "entitled to include all of its reasonable post-petition fees in its unsecured claim against the debtors." Id. at *4.

The Bankruptcy Court observed an additional, equitable rationale for allowing such claims -- that because a debtor's estate has a right to attorney fees as a prevailing party in post-petition litigation, "[i]t would seem highly inequitable to permit the estate to recover fees incurred in post-petition [litigation] with a creditor while at the same time denying the creditor the right even to include its post-petition fees in its unsecured claim." Id. Finally, the Bankruptcy Court specifically recognized that

> [w]hile equality of distribution is one of the basic tenets of bankruptcy law, another important policy . . . is the preservation of nonbankruptcy legal rights except to the extent necessary to facilitate the purpose of the bankruptcy proceeding. Absent a clear provision of the Bankruptcy Code modifying a creditor's nonbankruptcy legal rights, the Court concludes that those rights should be deemed to be left intact.

Id. at *4.

**MONZACK AND MONACO**
PROFESSIONAL ASSOCIATION

As set forth in the Brief of the Appellant, the Appellant is the indenture trustee in respect of certain 12-¾% senior subordinated notes (the "1993 Notes") issued by Kaiser pursuant to a certain public indenture (the "1993 Indenture"). Section 8.06 of the 1993 Indenture confirms the Appellant's right to payment from the Debtors of its fees and expenses, including those of Appellant's attorneys:

> [Kaiser] covenants and agrees to pay the [Appellant] . . . reasonable compensation . . . and [Kaiser] will pay or reimburse the [Appellant] upon its request for all reasonable expenses, disbursement and advances . . . . [Kaiser] also covenants to indemnify the [Appellant] for . . . any loss, liability or expenses . . . .

Thus, to the extent that this Court determines that the issue of Appellant's right to payment of its fees and expenses, including those of its attorneys, as an unsecured claim against the Debtors' estates, is raised by this Appeal, the <u>Travelers</u> decision and the <u>Qmect</u> decision, taken together, compel the conclusion that Appellant, as an unsecured creditor with a prepetition contractual right to payment of its fees and expenses, holds an allowable unsecured claim for fees and expenses incurred during the course of the Debtors' bankruptcy cases.

The Court's consideration of this supplemental submission in connection with the Appeal of Law Debenture Trust Company of New York is appreciated.

Respectfully,

*/s/ Francis A. Monaco, Jr.*
Francis A. Monaco, Jr.

FAM/kld

Westlaw.

--- B.R. ----    Page 1
--- B.R. ----, 2007 WL 1463846 (Bkrtcy.N.D.Cal.)
(Cite as: --- B.R. ----)

H
In re Qmect, Inc.
Bkrtcy.N.D.Cal.,2007.
Only the Westlaw citation is currently available.In re QMECT, INC., etc., Debtor-in-Possession.
In re Fred and Linda Koelling, Debtors-in-Possession.
Qmect, Inc., etc., Plaintiff,
v.
Burlingame Capital Partners II, L.P., etc. et al., Defendants.
And Related Adversary Proceedings.
Bankruptcy Nos. 04-41044 T, 04-46443 T.
Adversary Nos. 04-4190 AT, 04-4365 AT, 04-4366 AT.

May 17, 2007.

**Background:** In Chapter 7 case, creditor filed motion for award of post-petition attorney fees pursuant to its various contracts with debtors as part of its unsecured claim.

**Holdings:** The Bankruptcy Court, Tchaikovsky, J., held that:

(1) creditor's post-petition attorney fees constituted "claim," and

(2) creditor was entitled to include fees in its claim.

Motion granted.

**[1] Bankruptcy 51** 🗝0

51 Bankruptcy
Creditor's post-petition attorney fees pursuant to its various contracts with debtors constituted "claim" against debtors' bankruptcy estate. 11 U.S.C.A. § 101(5).

**[2] Bankruptcy 51** 🗝0

51 Bankruptcy
Creditor was entitled to include in its unsecured claim post-petition attorney fees pursuant to its various contracts with debtors. 11 U.S.C.A. §§ 502(b), 506(b).

Gregory A. Rougeau, Paul E. Manasian, Thomas T. Hwang, Law Offices of Manasian and Rougeau, San Francisco, CA, for Plaintiff.
Marlene Moffitt, Mary Cain, Robert R. Moore, William W. Huckins, Allen, Matkins, Leck, Gamble, Mallory et al., Tobias S. Keller, Pachulski, Stang, Ziehl, Young and Jones, San Francisco, CA, for Defendants.
Reidun Stromsheim, Law Offices of Stromsheim and Assoc., San Francisco, CA, for Trustee.
Electrochem Funding, LLC, pro se.
Burlingame Capital Partners II, pro se.
Eric A. Nyberg, Kornfield, Paul and Nyberg, Oakland, CA, for Debtors-in-Possession.

**MEMORANDUM OF DECISION RE MOTION FOR POST-PETITION ATTORNEYS' FEES**
LESLIE TCHAIKOVSKY, U.S. Bankruptcy Judge.
*1 Defendant Burlingame Capital Partners II, L.P. ("Burlingame") seeks an award of post-petition attorneys' fees pursuant to its various contracts with the above-captioned debtors as part of its undersecured claim against Qmect, Inc. ("Qmect") and its general, unsecured claim against Fred and Linda Koelling (the "Koellings")(referred to hereinafter collectively as its "unsecured claim"). For the reasons stated below, the Court concludes that Burlingame is entitled to include its reasonable post-petition attorneys' fees in its unsecured claim against these debtors. A determination of a specific amount of those fees must await the submission of a more detailed description of the work done litigating issues peculiar to bankruptcy law.

**A. PROCEDURAL BACKGROUND**

On or about August 29, 2006, Burlingame sought an award of post-petition attorneys' fees and costs as part of its judgment in the above-captioned consolidated adversary proceedings. After the motion was fully briefed and a hearing conducted, the Court took the motion under submission. On October 16, 2006, the Court issued its decision denying the motion without prejudice.

In its decision, the Court observed that, at that time, the controlling law in the Ninth Circuit was represented by *In re Fobian*, 951 F.2d 1149 (9th

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Cir.1991). The *Fobian* court held that attorneys' fees were not recoverable for litigating issues peculiar to bankruptcy law. *Fobian*, 951 F.2d at 1153. The Court observed that the motion was insufficiently specific to permit the Court to determine what portion of the fees were requested for litigating issues peculiar to bankruptcy law. It also observed that the issue presented in *Fobian* was currently before the United States Supreme Court in *Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 167 Fed.Appx. 593 (9th Cir.)(unpublished), *cert. granted*, --- U.S. ----, 127 S.Ct. 377, 166 L.Ed.2d 265 (2006). The Court directed Burlingame to resubmit its motion after segregating the time spent on bankruptcy issues from that spent on nonbankruptcy issues.

On February 8, 2007, Burlingame filed an amended motion for attorneys' fees, complying with this instruction. The motion was heard on March 8, 2007 and was again taken under submission. On March 20, 2007, the Supreme Court issued its decision in *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, --- U.S. ----, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007). The *Travelers* court expressly overruled *Fobian*. It noted that the only reason given by the lower courts for disallowing the fees was that the work performed related to issues peculiar to bankruptcy law. The Supreme Court found that there was no basis in the Bankruptcy Code for barring post-petition attorneys' fees on this ground.[FN1] *Travelers*, 127 S.Ct. at 1205. However, it declined to rule on the debtor's contention that no post-petition fees could be included in an unsecured creditor's claim because the debtor had failed to make this argument to the lower courts or in opposition to the creditor's petition for certiorari.

*2 On April 3, 2007, Burlingame filed a supplemental brief asking whether the Court wished further briefing on the effect of *Travelers* on its motion for post-petition fees. On April 6, 2007, the Court issued an order setting a briefing schedule and indicating that no hearing would be scheduled unless the Court concluded, after reading the papers, that a hearing was necessary. The Court has concluded that no hearing is required.

### B. DISCUSSION

#### 1. Introduction

Burlingame contends that existing Ninth Circuit law, other than *Fobian*, recognizes an unsecured creditor's right to include post-petition attorneys' fees in its unsecured claim to the extent they are provided for by contract or nonbankruptcy statute. It further notes that all of the other Circuits that have addressed this issue have reached the same conclusion. It argues that the various provisions of the Bankruptcy Code compel this conclusion. It notes that 11 U.S.C. § 502(b) provides that a creditor's claim shall be allowed unless one of nine enumerated exceptions applies. None of the nine enumerated exceptions refers to post-petition attorneys' fees.

In response, the Koellings rely on the theory advanced by the debtor in *Travelers*, which the Supreme Court declined to address given the debtor's failure to raise it earlier: i.e., that 11 U.S.C. § 506(b) implicitly provides for the disallowance of unsecured claims for post-petition attorneys' fees. Burlingame contends that this is not a fair reading of 11 U.S.C. § 506(b).

#### 2. Analysis

#### A. Is It a Claim?

In its argument, Burlingame assumes without discussion that its post-petition attorneys' fees qualify as a "claim" against the bankruptcy estate. The definition of "claim" is very broad and includes "contingent" claims. *See* 11 U.S.C. § 101(5). Black's Law Dictionary defines a "contingent liability" as "a liability that will occur only if a specific event happens; a liability that depends on the occurrence of a future and uncertain event." Black's Law Dictionary 926 (7th ed.1999), as cited in *In re ML & Assocs., Inc.*, 2003 WL 23742550, *2 (Bankr.N.D.Tex.).

Arguably, the definition of "contingent liability" cited above may be read to require that the specific event triggering the contingent claim be outside the claimant's control. Incurring post-petition attorneys' fees is not outside a creditor's control. The need to incur the fees may be triggered by conduct of the debtor or some other third party but the creditor could choose to do nothing. However, the Court has been unable to find any authority to support this reading of "contingent liability."[FN2]

[1] Moreover, as discussed below, there is case authority decided under the Bankruptcy Act, authorizing the inclusion of post-petition attorneys' fees in a creditor's unsecured claim. The Bankruptcy Act, as amended by the Chandler Act in 1938, also

--- B.R. ----  
--- B.R. ----, 2007 WL 1463846 (Bkrtcy.N.D.Cal.)  
(Cite as: --- B.R. ----)

Page 3

included contingent claims within its definition of "claim." [FN3] If this was error, one would have expected Congress to clarify the meaning of "contingent" when it enacted the Bankruptcy Code. Therefore, the Court holds that Burlingame's post-petition attorneys' fees do qualify as a "claim" under 11 U.S.C. § 101(5).

### B. Is Claim Subject to Disallowance?

*3 As Burlingame notes, 11 U.S.C. § 502(b) provides that, with exceptions not relevant here, if an objection is made to a claim, the claim shall be allowed, except to the extent that the claim falls into one of nine categories. 11 U.S.C. § 502(b). The only category that arguably supports the disallowance of an unsecured claim for post-petition attorneys' fees is 11 U.S.C. § 502(b)(1): i.e., that "such claim is unenforceable against property of the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured...." 11 U.S.C. § 502(b)(1).

The debtor contends that this category applies to post-petition attorneys' fees because 11 U.S.C. § 506(b) renders the claim for post-petition attorneys' fees unenforceable against the debtor and property of the debtor. Section 502(b)(1) refers to "applicable law," not "applicable nonbankruptcy law." Thus, Section 506(b) qualifies as "applicable law." Section 506(b) provides as follows:
(b) To the extent that an allowed secured claim is secured by property, the value of which is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and reasonable fees, costs or charges provided for under which such claim arose.

Thus, according to the debtor, by providing that a secured claim shall be allowed reasonable fees to the extent the claim is secured by property, the Bankruptcy Code is implicitly saying that fees are not available to an unsecured creditor.

[2] The Court finds this reading of 11 U.S.C. §§ 502(b) and 506(b) too strained to be persuasive. First, 11 U.S.C. § 506 is entitled "Determination of Secured Status." A statute so entitled would not be a logical place to provide for the disallowance of an element of an unsecured claim. If Congress, in enacting the Bankruptcy Code, had wanted to disallow claims for post-petition attorneys' fees, the logical place for it to have done so was surely in 11 U.S.C. § 502(b).[FN4] Moreover, 11 U.S.C. § 506(b) does not distinguish between pre-petition and post-petition attorneys' fees. Thus, if 11 U.S.C. § 506(b) is read as an additional ground for objecting to claims, arguably, an unsecured creditor would be prohibited from including its pre-petition attorneys' fees in its claim as well as its postpetition fees. [FN5]

The Court has been unable to find any Court of Appeals decided under the Bankruptcy Code, in either in this Circuit or any other, that directly addresses this issue.[FN6] The Ninth Circuit cases cited by Burlingame are for the most part inapposite. They are either nondischargeability cases, cases where the estate was requesting fees, or cases where the *Fobian* distinction was at issue. However, the cases establishing the estate's right to attorneys' fees as the prevailing party in post-petition litigation-e.g., *In re Eastview Estates II*, 713 F.2d 443, 451-52 (9th Cir.1983)-provide an additional equitable rationale supporting the Court's conclusion. It would seem highly inequitable to permit the estate to recover fees incurred in post-petition with a creditor while at the same time denying the creditor the right even to include its post-petition fees in its unsecured claim.

*4 The Court has identified one Bankruptcy Act case decided by the Second Circuit case that addresses this issue: i.e., *United Merchants & Manufacturers, Inc. v. Equitable Life Assurance*, 674 F.2d 134, 137-38 (2d. Cir.1982)(Bankruptcy Act). In *United Merchants*, the lower court had allowed the unsecured creditor's contractual claims for "collection costs" but only to the extent the litigation was conducted outside the bankruptcy court. On appeal, the Second Circuit removed this limitation. It rejected the argument that it was unfair to give a creditor with a contractual attorneys' fee clause a greater claim than unsecured creditors without a basis for fees. *Id.* at 143-44. The only basis for distinguishing *United Merchants* is that it was decided under the Bankruptcy Act, which did not have an express provision comparable to 11 U.S.C. § 506(b). The Court finds this distinction without significance.[FN7]

The strongest rationale for implying a prohibition on the inclusion of post-petition attorneys' fees in a unsecured creditor's pre-petition claim is that, unless the debtor is solvent, the unsecured creditor's augmented claim will diminish the dividend to other unsecured creditors. However, a similar effect flows from allowing secured creditors to include their post-petition attorneys' fees in their secured claims. While equality of distribution is one of the basic tenets of bankruptcy law, another important policy in

--- B.R. ----  
--- B.R. ----, 2007 WL 1463846 (Bkrtcy.N.D.Cal.)  
(Cite as: --- B.R. ----)

Page 4

bankruptcy is the preservation of nonbankruptcy legal rights except to the extent necessary to facilitate the purpose of the bankruptcy proceeding. Absent a clear provision of the Bankruptcy Code modifying a creditor's nonbankruptcy legal rights, the Court concludes that those rights should be deemed to be left intact.

## CONCLUSION

The Court concludes that Burlingame is entitled to include all its reasonable post-petition fees in its unsecured claim against the debtors. Burlingame is directed to file an amended motion for fees within 60 days from the date of this decision, segregating by task the work done on bankruptcy related issues and and providing the additional detail describing the work done as previously provided for the nonbankruptcy litigation. The debtors will be given 30 days from the date of service of the amended motion to file an objection to the fees as unreasonable in amount. Burlingame will be given 15 days from the date of service of the opposition to reply and alert the judge's law clerk when the matter is fully briefed.

FN1. None of the fees in *Travelers* were requested for work performed litigating issues of state law. See *Travelers*, 127 S.Ct. at 1202-03.

FN2. But see *In re Esgro Inc.*, 645 F.2d 794, 798 (9th Cir.1981) and *In re THC Fin. Corp.*, 686 F.2d 799, 803 (9th Cir.1982), Bankruptcy Act cases holding that a contingent claim outside the creditor's control is too uncertain to value and is thus not "provable": i.e., in Bankruptcy Act terminology, allowable against the bankruptcy estate.

FN3. *See* Chandler Act, ch. 575, § 63(a)(8), 52 Stat. 840, 873 (1938)(adding contingent claims to the list of provable claims in § 63 of the Bankruptcy Act).

FN4. *See* 11 U.S.C. § 502(b)(2)(disallowing claims for post-petition interest).

FN5. *But see Rake v. Wade*, 508 U.S. 464, 468, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993) and *United States v. Ron Pair Enterp., Inc.*, 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), which appear to construe similar language in 11 U.S.C. § 506(b) regarding interest to apply only to *post-petition* interest.

FN6. The Court views *In re Welzel*, 275 F.3d 1308 (11th Cir.2001) as inapposite. In that case, the creditor was fully secured. However, some of the fees sought were deemed not reasonable as required by 11 U.S.C. § 506(b). The *Welzel* court allowed the reasonable fees as part of the creditor's secured claim and the unreasonable fees as a general, unsecured claim. *Id.* at 1313-20.

FN7. The Bankruptcy Code had been enacted by the time this case came up on appeal. The argument was made that, by enacting 11 U.S.C. § 506(b), Congress had intended to codify a rule applicable also under the Bankruptcy Act, prohibiting the award of post-petition fees to unsecured creditors. The *United Merchants* court rejected this theory, concluding that 11 U.S.C. § 506(b) was only intended to address the rights of secured creditors to post-petition fees. *Id.* at 138.

Bkrtcy.N.D.Cal.,2007.  
In re Qmect, Inc.  
--- B.R. ----, 2007 WL 1463846 (Bkrtcy.N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KAISER ALUMINUM CORP., et al., | ) | Jointly Administered |
| | ) | Bankruptcy Case No. 02-10429 |
| Debtors. | ) | (JKF) |
| | ) | |
| LAW DEBENTURE TRUST COMPANY OF NEW YORK, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 06-00088 JJF |
| v. | ) | |
| KAISER ALUMINUM CORP., et al., | ) | |
| Appellees. | ) | |
| LIVERPOOL LIMITED PARTNERSHIP, | ) | |
| Appellant, | ) | |
| v. | ) | Civil Action No. 06-00160 JJF |
| | ) | (Administratively Consolidated with 06-88 JJF) |
| ALPART JAMAICA, INC., KAISER JAMAICA CORPORATION, KAISER ALUMINA AUSTRALIA CORPORATION, AND KAISER FINANCE CORPORATION | ) | |
| Appellees. | ) | |

## CERTIFICATE OF SERVICE

I, Kristie L. Dalton, certify that I am not less than 18 years of age, and that I caused service of the foregoing document to be made on June 7, 2007 upon the following parties via electronic mail and Hand Delivery or US Mail:

| | |
|---|---|
| Isaac M. Pachulki<br>K. John Shaffer<br>Stutman, Treister & Glatt, P.C.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 228-5600<br>Facsimilie: (310) 228-5788 | Karen C. Bifferato<br>Marc J. Phillips  (#4445)<br>Connolly Bove Lodge & Hutz, LLP<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE  19801<br>Telephone:  (302) 658-9141<br>Facsimile:  (302) 658-5614 |

Document #: 54344

E-mail: kjshaffer@Stutman.com

David J. Baldwin (# 1010)
Potter Anderson & Corroon LLP
1313 N. Market St. Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951
Tel. (302) 984-6067
Facsimile: (302) 658-1192

Rebecca S. Beste, Esquire
Dalton & Associates PA
Cool Spring Meeting House
1106 West Tenth Street
Wilmington, DE 19806

Gregory M. Gordon
Daniel P. Winikka
Jones Day
2727 North Harwood St.
Dallas, TX 75201
E-mail:  gmgordon@jonesday.com
E-mail:  dpwinikka@jonesday.com

Daniel J. DeFranceschi
Kimberly D. Newmarch
Richards, Layton & Finger, PA
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
E-mail:  defranceschi@rlf.com
E-mail:  newmarch@rlf.com

George A. Davis
Diane Harvey
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
E-mail:  diane.harvey@weil.com
        george.davis@weil.com

Clark T. Whitmore
Alain M. Baudry
Christina A. Smith
Maslon, Edelman, Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140

Michael B. Joseph
Theodore J. Tacconelli
Ferry, Joseph & Pearce, P.A.
824 Market St. - Suite 904

E-mail:  kbifferato@cblh.com

David N. Crapo
Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5496
Telephone: (973) 596-4523
Facsimile: (973) 639-6244
E-mail: dcrapo@gibbonslaw.com

Duane D. Werb,
Jennifer H. Unhoch
Werb & Sullivan
300 Delaware Ave. - 13th Fl.
P.O. Box 25046
Wilmington, DE  19899
Telephone:  (302) 652-1100
Facsimile:  (302) 652-1111

Harold L. Kaplan, Esq.
Mark F. Hebbeln, Esq.
Gardner Carton & Douglas LLP
191 North Wacker Drive - Suite 3700
Chicago, IL  60606-1698
Telephone:  (312) 569-1000
Facsimile:  (312) 569-3000
E-mail:  hkaplan@gcd.com
E-mail:  mhebbeln@gcd.com

Carl N. Kunz, III, Esq.
Morris, James Hitchens & Williams LLP
222 Delaware Ave. - 10th Fl.
Wilmington, DE  19801
Telephone:  (302) 888-6811
Facsimile: (302) 571-1750
E-mail:  ckunz@morrisjames.com

Elizabeth J. Futrell, Esq.
Aimee M. Quirk, Esq.
Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P.
201 St. Charles Ave.
New Orleans, LA  70170
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8011
E-mail: efutrell@joneswalker.com

David M. Klauder
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801

| | |
|---|---|
| ```
Wilmington, DE   19899
Telephone:   (302) 575-1555
Facsimile:   (302) 575-1714
E-mail:   ttacconelli@ferryjoseph.com
          mjoseph@ferryjoseph.com
```<br><br>Mark T Hurford<br>Campbell & Levine, LLC<br>800 King Street<br>Suite 300<br>Wilmington, DE 19801<br>302-426-1900<br>Fax : 302-426-9947<br>Email: mhurford@camlev.com<br><br>Sharon M Zieg<br>Donald Brown<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Bldg., 17th Floor<br>1000 West Street<br>PO Box 391<br>Wilmington, DE 19899 | William P. Bowden, Esq.<br>Ashby & Geddes<br>222 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE 19899<br>E-mail: wbowden@ashby-geddes.com<br><br>Marc Stephen Casarino, Esq.<br>White & Williams LLP ```GROSSMAN'S INC., GRS
HOLDING COMPANY, INC., and GRS REALTY
COMPANY, INC., as reorganized debtors
(collectively, the "Reorganized
Debtors" or "Grossman's"1) n/k/a as
JELD-WEN, inc. ("JELD-WEN")```<br><br>824 Market Street, Ste. 902<br>Wilmington, DE 19801<br>casarinom@whiteandwilliams.com |

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: June 7, 2007

Kristie L. Dalton

---

1 Where applicable, Grossman's shall also refer to Reorganized Grossman's.
```
Document #: 54344
```