IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KAISER ALUMINUM CORP., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 02-10429 (JKF) |
| LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Appellant,<br><br>v.<br><br>KAISER ALUMINUM CORP., et al.<br><br>Appellees. | Civil Action No. 06-88-JJF |
| LIVERPOOL LIMITED PARTNERSHIP<br><br>Appellant,<br><br>v.<br><br>ALPART JAMAICA, INC., et al.<br><br>Appellees. | Civil Action No. 06-160-JJF (Administratively Consolidated with 06-88-JJF) |

Evan D. Flaschen, Esquire; Gregory W. Nye, Esquire; William C. Heuer, Esquire and Kate K. Simon, Esquire of BINGHAM McCUTCHEN LLP, Hartford, Connecticut.
Francis A. Monaco, Esquire and Joseph J. Bodnar, Esquire of MONZACK AND MONACO, P.A., Wilmington, Delaware.

Attorneys for Appellant, Law Debenture Trust Company of New York.

Issac M. Pachulski, Esquire and K. John Shaffer, Esquire of STUTMAN, TREISTER & GLATT P.C., Los Angeles, California.
David J. Baldwin, Esquire and Rebecca S. Beste, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Appellant, Liverpool Limited Partnership.

George A. Davis, Esquire and Diana Harvey, Esquire of WEIL, GOTSHAL & MANGES LLP, New York, New York.
Gregory S. Coleman, Esquire and Christian J. Ward, Esquire of

WEIL, GOTSHAL & MANGES LLP, Austin, Texas.
Karen C. Bifferato, Esquire and Marc J. Phillips, Esquire of CONNOLLY BOVE LODGE & HUTZ, LLP, Wilmington, Delaware.

Attorneys for Appellee, Ad Hoc Group of Senior Note Holders.

Gregory M. Gordon, Esquire and Daniel P. Winikka, Esquire of JONES DAY, Dallas, Texas.

Attorneys for Appellee, Kaiser Aluminum Corporation and Kaiser Aluminum & Chemical Corporation.

Harold L. Kaplan, Esquire and Mark F. Hebbeln, Esquire of GARDNER CARTON & DOUGLAS LLP, Chicago, Illinois.
Kristin K. Going, Esquire of GARDNER CARTON & DOUGLAS LLP, Washington, D.C.
Carl N. Kunz, III, Esquire of MORRIS, JAMES HITCHENS & WILLIAMS LLP, Wilmington, Delaware.

Attorneys for Appellee, Deutsche Bank Trust Company, National Association, as Successor Trustee for 9 7/8% Notes.

David F. Herr, Esquire; Clark T. Whitmore, Esquire; Alain M. Baudry, Esquire and Christina A. Smith, Esquire of MASLON, EDELMAN, BORMAN & BRAND, LLP, Minneapolis, Minnesota.
Michael B. Joseph, Esquire and Theodore J. Tacconelli, Esquire of FERRY, JOSEPH & PEARCE, P.A., Wilmington, Delaware.

Attorneys for U.S. Bank National Association as Indenture Trustee for the 10 7/8% Senior Noteholders.

David N. Crapo, Esquire; Brian McMahon, Esquire and Anthony Callaghan, Esquire of GIBBONS, DEL DEO, DOLAN GRIFFINGER & VECCHIONE, Newark, New Jersey.
Duane D. Werb, Esquire of WERB & SULLIVAN, Wilmington, Delaware.

Attorneys for Bear, Sterns & Co., Inc., Citadel Equity Fund Ltd. and Citadel Credit Trading Ltd.

---

**MEMORANDUM OPINION**

January 11, 2008
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court in this consolidated action are two appeals, one filed by Law Debenture Trust Company of New York ("LDTC") and one filed by Liverpool Limited Partnership ("Liverpool"). Both LDTC and Liverpool appeal the December 22, 2005 Memorandum Opinion and Order issued by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") Overruling Objection to Plan Confirmation by Law Debenture Trust Company of New York and by Liverpool Limited Partnership.[1] (D.I. 8008 and 8009 in Bankruptcy Case No. 02-104429-JKF). For the reasons discussed, the Court will affirm the Bankruptcy Court's Memorandum Opinion and Order.

**I. Parties' Contentions**

By their appeals, Appellants LDTC and Liverpool contend that the Bankruptcy Court erred in construing the terms of an indenture (the "1993 Indenture" or "Indenture") to subordinate

---

[1] LDTC also filed an Amended Notice of Appeal (D.I. 4) to include in its appeal the Order Granting Law Debenture Trust Company's Motion For Reconsideration And Overruling Objection To Plan Confirmation (the "Reconsideration Order"). (D.I. 8260 in Bankruptcy Case No. 02-104429-JKF). The Reconsideration Order related to that portion of the December 22 Memorandum Opinion addressing LDTC's fees and expenses. Although the parties briefed the issue of whether the Bankruptcy Court was correct in determining that LDTC was not entitled to recover certain fees and expenses of its counsel and its agents under the terms of the 1993 Indenture, that issue has since been resolved by agreement of the parties. (D.I. 29). Accordingly, the Court will limit its discussion to the December 22, 2005 Memorandum Opinion and Order and the issues raised by the appeals taken therefrom.

the repayment obligations of guarantees made in the Indenture to the repayment obligations created by two subsequent guarantees (the "1994 and 1996 Notes"). Appellants contend that the plain and unambiguous language of the 1993 Indenture reveals that the Indenture's guarantees should rank equally with all other obligations of the guarantors, except those defined by the Indenture as "Senior Indebtedness." Appellants also contend that only Article Sixteen of the Indenture, not Article Three, governs the guarantee claims made in the Indenture. According to Appellants, if each article of the Indenture is read independently as intended, all guarantees offered by subsidiary guarantors are equivalent.

In response, Appellees contend that the Bankruptcy Court correctly recognized that the terms of the Indenture subordinated the repayment of the indenture guarantees to two subsequent guarantees. Appellees also contend that New York law requires the Indenture to be construed as a whole, and that extrinsic evidence is permissible to supply context to the Indenture.

**II. Standard of Review**

The Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. §158(a). The Court reviews the Bankruptcy Court's findings of fact under a "clearly erroneous" standard, and reviews its legal conclusions de novo. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197

F.3d 76, 80 (3d Cir. 1999). In reviewing mixed questions of law and fact, the Court accepts the Bankruptcy Court's findings of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (quoting Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the district court are exercised in the context of the appellate jurisdiction exercised by the Third Circuit, which reviews the Bankruptcy Court decision on a de novo basis in the first instance. Baroda Hiss Inv., Inc. v. Telegroup Inc., 281 F.3d 133, 136 (3d Cir. 2002).

**III. Discussion**

The parties do not dispute that Kaiser Aluminum Corporation's ("Kaiser") obligations under the 1993 Indenture are subordinated to the 1994 and 1996 Notes. With respect to the obligations of the Subsidiary Guarantors, the parties also do not dispute that the Guarantees of the 1993 Indenture are subordinated only to the "Senior Indebtedness" of each Subsidiary Guarantor. Thus, holders of the 1993 Guarantees are not entitled to direct or indirect payment until the holders of Senior Indebtedness are repaid. This appeal presents the Court with two

issues: (1) whether extrinsic evidence should be considered in interpreting the 1993 Indenture, and (2) whether the 1994 and 1996 Notes are Senior Indebtedness of the Subsidiary Guarantors such that the 1993 Guarantees are subordinated to the 1994 and 1996 Guarantees.

Reviewing the decision of the Bankruptcy Court in light of the applicable standard of review and the governing legal principles, the Court concludes that the Bankruptcy Court did not err in its interpretation of the 1993 Indenture and did not err in considering extrinsic evidence to reach that interpretation. Under New York law, courts look to the plain and ordinary meaning of contract language, while "giving due consideration to 'the surrounding circumstances [and] apparent purpose which the parties sought to accomplish.'" Terwilliger v. Terwilliger, 206 F.3d 240, 245 (2d Cir. 2000) (quoting William C. Atwater & Co. v. Panama R. Co., 159 N.E. 418, 419 (N.Y. 1927). The Bankruptcy Court correctly acknowledged the applicable law and went on to correctly apply that law by considering extrinsic evidence for the purposes of providing context to the documents and explaining the circumstances surrounding the documents. (D.I. 8008 in Bank. Case No. 02-10429-JFK at 15). As the Bankruptcy Court emphasized, its conclusion regarding the meaning of the Indenture was first and foremost based upon the plain language of the document. (Id. at 12 ("Reading the Indenture as a whole, it is

abundantly clear that the hybrid financial structure or subordinated treatment of the Subordinated Notes at the parent level and *pari passu* treatment of the Subordinated Guarantees at the Subsidiary Guarantor level as suggested by LDTC was not created by the Indenture.") (emphasis added). To the extent that Bankruptcy Court considered the extrinsic evidence to bolster its interpretation of the Indenture, it did so only as a secondary consideration. (Id. at 23 "Although based on the documents alone the court finds that it is clear that the Debtors' view of the structure of the transactions and of what constitutes Senior Indebtedness is correct, the evidence adduced at trial of the surrounding circumstances supports Debtors' position as well.") (emphasis added). Accordingly, the Court cannot conclude that the Bankruptcy Court's decision to admit extrinsic evidence in these circumstances was erroneous.

As for the Bankruptcy Court's conclusion that the 1993 Guarantees are subordinated to the 1994 and 1996 Guarantees, the Court likewise concludes that the Bankruptcy Court's decision was not erroneous. In reaching this conclusion, the Bankruptcy Court correctly determined that the 1994 and 1996 Notes are Senior Indebtedness of the Subsidiary Guarantors as that term is defined in the 1993 Indenture. The Bankruptcy Court provided a thorough analysis of the operative provisions of the 1993 Indenture and the Court agrees with and adopts its analysis.

## IV. Conclusion

For the reasons discussed, the Court will affirm the Bankruptcy Court's December 22, 2005 Memorandum Opinion and Order.

An appropriate Order will be entered.